# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**JEFFREY ORTIZ OLIVAREZ,**

    **Plaintiff,**

    v.                                                            CASE NO. 19-3141-SAC

**FORD COUNTY ATTORNEY'S OFFICE,**
et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). The Court granted Plaintiff leave to proceed *in forma pauperis*. Plaintiff alleges that Detective David Gordan intentionally neglected his responsibilities when he convinced the Ford County Attorney's Office to file false murder and rape charges against Plaintiff. Plaintiff alleges he was in jail for six months before his charges were dismissed on March 1, 2016. Plaintiff alleges that Defendant Gordan was negligent. Plaintiff names Detective Gordan and the Ford County Attorney's Office as Defendants and seeks $500,000 in damages for pain and suffering.

On November 12, 2019, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 5) ("MOSC"), granting Plaintiff until December 12, 2019, in which to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. This matter is before the Court on Plaintiff's Response (Doc. 6).

Plaintiff filed this civil rights case on July 31, 2019. Plaintiff alleges that he was falsely arrested in October of 2015, and the charges were dismissed on March 1, 2016. The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute

1

of limitations and tolling principles. *See Hardin v. Straub*, 490 U.S. 536, 539 (1989). "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)." *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted). The same two-year statute of limitations governs actions under 42 U.S.C. § 1985. *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's Complaint is subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on July 31, 2019. Plaintiff's alleged false charges were dismissed on March 1, 2016. It thus appears Plaintiff's claim arose more than two years prior to the filing of Plaintiff's Complaint and is time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674–75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is

obvious from the face of the complaint and no further factual record is required to be developed). The Court found that Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling.

In his Response, Plaintiff states that his "Complaint should not be dismissed because [he is] entitled to relief for the reasons stated on the original complaint and because [he is] going to obtain an attorney to assist [him] in this matter." (Doc. 6, at 1.) Plaintiff's response fails to address the statute of limitations or tolling as directed in the MOSC. Plaintiff has failed to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. Therefor, this action is dismissed for failure to state a claim. *See Smith v. Veterans Admin.*, 636 F.3d 1306, 1312–13 (10th Cir. 2011) (time-barred claim is dismissed for failure to state a claim and the dismissal is a strike under § 1915(g)) (citing *Vasquez Arroyo v. Starks,* 589 F.3d 1091, 1096 (10th Cir. 2009) (quoting *Jones v. Bock,* 549 U.S. 199, 215, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007), for "the long-standing rule that '[i]f the allegations . . . show that relief is barred by the applicable statutes of limitations, the complaint is subject to dismissal for failure to state a claim'" (alterations in original)).

**IT IS THEREFORE ORDERED THAT** this matter is dismissed for failure to state a claim.

**IT IS SO ORDERED.**

**Dated December 20, 2019, in Topeka, Kansas.**

s/ Sam A. Crow
**SAM A. CROW**
**U. S. Senior District Judge**
